The opinion of the court was delivered by
White, J.
In July, 1871, plaintiffs obtained judgment against William and Virginia Bush in solido for the sum of $3146, with interest from December 10, 1868. The cause of action made the basis of the demand covered by the judgment was two certain promissory notes for $1575 45 each, dated the tenth of December, 1868, and payable twelve and fifteen months after date. Virginia Bush thereafter instituted an action to annul the j udgment rendered against her on the ground of want of citation. She was finally successful. Opinion Book 48, p. 301. On the twenty-eighth day of December, 1878, the present suit was commenced with the object of obtaining judgment on the notes as above mentioned. The defense is the prescription of five years. The notes *265 matured respectively December 10, 1869, and March 10, 1870, hence were prescribed December 10, 1874, and March 10, 1875, unless the course of the running prescription has been interrupted or suspended. Is such the case? Plaintiff relies on the proceedings and judgment against William Bush as establishing the necessary interruption or suspension. But we do not think they are adequate for that purpose. The judgment was rendered against William Bush on tenth of July, 1871. Grant that the citation on him, as a co-solidary obligor, interrupted prescription ; grant that the prescription thus caused by the interruption to begin anew its legal course was stayed or suspended by the effect of the suit, so as to prevent it from continuing in its.career until the rendition of the judgment — $9 An. 298: grant that not only the interruption but also the suspension, good as to one solidary obligor, is good as to the other, the notes now sued on would be none the less prescribed as to the present defendant.
The judgment was rendered on the tenth of July, 1871, the present suit was instituted on the twenty-eighth December, 1878, a period intervening of over seven years.
It is contended that in the suit and judgment against William Bush execution issued against him and property was advertised for sale, which constituted an interruption of prescription as to him, hence as to the present defendant.- This claim is predicated on C. C. 2097, saying that a suit brought against one solidary obligor interrupts as to others. But afi. fa. does not interrupt prescription as to the defendant in execution, and a fortiori does not do so as to the obligor not sued.
We are referred to Wilson vs. McMain, 29 An. 288. That case only decided the very elementary doctrine that a citation interrupts prescription, which remains suspended until judgment, when it again commences its course. It is said that the effect of the rendition of the judgment was to make the prescription on the note similar to that on the judgment. This is erroneous. Hite vs. Taught, 2 An. 471; Dwight vs. Brashear, 5 An. 551 ; Richard vs. Butman, 14 An. 144. This current of authority is now strenuously assailed, but we think unsuccessfully. Hite vs. Taught is charged as being ill-considered and not in accord with elementary principles. We do not think so.
The opinion of Mr. Justice Slidell is none the less perspicuous because of its terseness. The industry of counsel has been expended in collecting opinions from the commentators on the Napoleon Code, claimed as ovérwhelmingly showing the want of proper authority for Hite vs. Taught. We can not with any regard for conciseness review all the authorities quoted, but we will endeavor briefly to show the incorrectness of the propositions which are sought to be defended.
We are told that a judgment constitutes a perpetual acknowledg *266 ment on the part of the judgment debtor, therefore the acknowledgment of the debtor interrupted as to his co-solidary obligors. The fallacy is exposed by saying that if the premise were true there would be no prescription of judgments. It is urged that the rendition of the judgment against one of the solidary obligors from the nature of things created a common term of prescription for all. Why so ? The theory upon which the law proceeds in making an interruption as to one good as to others is the existence of a legal mandate, ad conservandum obligationem, but such mandate gives no power “ ad augendam obligationem.” This limitation on the scope of the fictitious legal mandate prevents a judgment rendered contradictorily with one only of the obligors from creating the presumption of res ad.judicata as to the obligor not sued. C. C. 2098 ; Rodiére de la Solidarité, p. 84 ; Marcadó, vol. 5, p. 199 ; Duranton, vol. —,,No. 520 ; Aubry et Rau sur Zaeharie, vol. 5, p. 74 ; Mourlon, vol. 2, p. 541.
We are aware that the contrary opinions are expressed by Toullier and Demolombe, but their views are in conflict with those of the commentators to whom we have made reference, and we think not reconcilable with the fundamental principles of solidarity — in fact destructive of them, for if adopted the limited and qualified mandate would be extended beyond the power of preservation to that of augmentation. We can not therefore adopt or follow them. If then the judgment against one is not res judicata as to the others, the obligation of the defendant was not merged in the judgment, and remained subject to the prescription of notes, unless we were to say that the judgment and the note, although distinct, at least quoad the present defendant, were yet subject to the same prescription, despite the provision making one prescriptable by five the other by ten years. But apart from the question of res judicata, we think the acquisition of a new term of prescription greater than that governing the obligation when contracted, even by the express consent of one of the co-obligors, would be of no avail against the others. The power to preserve does not import the power to increase. “Every thing,” says Rodiére, in concluding his admirable examination of the scope of the agency between solidary obligors, “ we have said can be resumed in two principles, which are that a co-debtor can never make the obligation of his co-obligor more onerous, but he can improve it.” * * * p. 95.
And after clearly stating the same general theory, Laurent, in his recent and valuable commentary, applies it as follows": “One of the co-debtors recognizes a debt which is subject to a short prescription. It is a settled principle that the short prescription is thereby substituted by the prescription of thirty years. The acknowledgment, it is evident, produces its effect as to the debtor who has made it, but does it do so *267 as to the other debtors? The court of Rouen so held. It was an error. The prescription was more than interrupted; it was changed, its nature enlarged, creating thereby an increase of the obligations of the debtor, since instead of being able to prescribe in six months or one year, he will only be able to do so in thirty years. The co-debtors however give to each other only mandates to preserve the debt and not to increase it. This is decisive.” Laurent, vol. 17, p. 308, No. 309 ; Mareadó, vol. 5, p. 199.
These views are decisive of the issue before us. The proposition that if both co-debtors do not remain bound after the rendition of a judgment obtained against one the judgment will be retroactively, at least in part, destroyed, is an argumentum ab inconvenienti which can not impair the force of the application of well-defined principles, when greater inconveniences must result from disregarding them. However, the force of the pretension can only be considered when the effect of the acquired prescription is properly presented for decision.
The judgment of the lower court overruled the plea of prescription. It is reversed and the plea maintained, with costs in both counts.